RECEIVED

MAY 2 4 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

In The United States District Court For

FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

Johnathan Johnson (

Plaintiff, (

A13-CV0438 LY

CIVIL ACTION

V. (

Jury Trail Demanded

1. Dustin Slaughter, Jury Trail Demanded 2. Jeremy Sembera, 3. David Amerson, 4.Tiffany Williams, 5.Viccent Fischer, 6. Brian Beach, 7. Grant Sheridan, 8.Danny Castillo, 9. Kye Kennedy, 10. Dave Waugh, 11. James Palmer, 12. Andrew Sparneberg, 13. Ryan Hartman 14. Zachery Beck, 15.Kelly Earnest, 16. Bob Klett 17. Brandon Winkenwerder, 18. Erin Clewell, 19. Lee Harris 20. Chase Stepp, 21. Lee Leonard, 22.Warren Zerr 23. Howard Williams, 24. Rosanna Wisner, 25. Conrad Wisener 26. John Burke, 27.Susie Garcia, 28. Michael Cosentino 29. City of San Marcos, 30. Hays County 31 Fred Weber individually and in his official capacity as Hays County Assistant District Attorney;  32. Ben Moore individually and in his official capacity as Hays County Assistant district attorney, 33. Sherri Tibbe individually and in her official capacity as Hays County District Attorney, 34. David Livingston individually and in his official capacity as Hays County Assistant District Attorney 35. Sydney Norris individually and in his official capacity as Hays County Assistant District Attorney 36. Pam Salazar, 37. Joe Lopez 38. Judge Upedgrove individually and in his official capacity as Justice of the Court of Hays County; 39, Judge Rodriguez individually and in his/her official capacity as Justice of Hays County Court of Law, 40. Tate Saunders 41.

Todd Dudley, 42. David Mendoza, 43. Labor Finders 44. Green Guy
Recycling

Defendants,

Complaint

Come the Plaintiff and for cause action would state as follows:

II. Introduction

12.This Action arises Under First, fourth, fifth, sixth,, ninth, thirteenth,
Fourteenth, Amendments to the United States Constitution, under Federal
law, specifically, 42 U.S.C 1981 and 1986, 1983 (3) and 1985 and 1988 and
42. U.S.C 2000 B-2 and Texas Tort Claim Act Section 101.021 Law, for
intentional and or negligent infliction of emotional distress, , gross
negligence, assault, false imprisonment, false arrest, and civil conspiracy
and Texas Civ. Prac & Rem, Code 16.003 Personal Injury, Legal Malpractice,
harassment, , False Imprisonment. Texas Cause of Action, Abuse of Process,
Assault, Negligence, Negligent Misrepresentations, Intentional Infliction of
Emotional distress, , FRAUD

13.While the individual defendants were acting in the scope of their
employment and under color of state law, they made unlawful stops
intimidating the plaintiff failed representation by counsel will explain this
cover up.

14.Action is also brought against the City Of San Marcos an Hays County
District Attorney Offices for its failure to properly train and supervise the
individual defendants in the proper use of procedures and techniques used
to secure the search an treatment of the plaintiff and its establishment of
policies, procedure, practices, and customs regarding arrests and court
procedures that resulted in assault abuse of process and the excessive use
of force.

III..Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this action PURSUANT TO 28 u.sc 1331, 1332, 1343 and the venue is properly set in the United States Western District of Texas PURSUANT TO 28 U.S.C 1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the name defendants resides in this judicial district.

4. Plaintiffs reside within the state of Texas.

5. The Amount in controversy is in excess of $75, 0000.

III.PARTIES

Plaintiffs 6 The Plaintiff, Johnathan Johnson is a citizen and resident of San Marcos, Texas

San Marcos Defendants

9. The defendant, Dustin Slaughter, is a citizen and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by City of San Marcos, Texas and was acting under color of state Law.

10. The Defendant, David Amerson, is a citizen and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of San Marcos, Texas and was acting under color of state law.

11. The Defendant, Tiffany Williams, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in her capacity as a Police Officer employed by the City of San Marcos, Texas and was acting under Color of state law.

15. The Defendant, Vincent Fischer, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in his Capacity as a Police Officer employed by the City of San Marcos.

16. The Defendant, Brian Beach, is a citizen and was resident of Hays County, Texas and was at all times material to these allegations in this complaint, acting in his capacity as a Police Officer employed by the city of San Marcos, Texas and was acting under color of state law.

17. The Defendant Grant Sheridan, is a citizens and was resident of Hays County, Texas and was at all times material to this allegations in this complaint, acting in his capacity as a Police Officer employed by the city of San Marcos, Texas and was acting under color of state law.

18. The defendant, Danny Castillo, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a Police Officer employed by the City of San Marcos, Texas and was acting under color of Law.

19. The defendant, Kye Kennedy, is a citizens and resident of Hays County, Texas and was at all times material to these allegations in this complaint, acting in his capacity as a Police Officer employed by the City of San Marcos, Texas and was acting under color of Law.

20. The defendant, Dave Waugh, is citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the City of San Marcos, Texas and acting under color of state law.

21. The defendant, James Palmer, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of San Marcos, Texas and acting under color of state of Law.

22. The Defendant, Andrew Sparenberg, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a Police officer employed by the city of San Marcos, Texas and acting under color of state Law.

23. The defendant, Ryan Hartman, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the city of San Marcos, Texas and acting under of state of Law.

224. The Defendant, Zachary Beck is a citizens and resident of hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the City of San Marcos, Texas and was acting under color of state law.

25. The Defendant, Kelly Earnest. Is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in her capacity as Commander employed by the City of San Marcos, Texas and was acting under color of state Law.

26. The Defendant, Bob Klett, Commander, is a citizen and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as commander employed by the City of San Marcos, Texas acting under color of state Law.

27. The Defendant, Brandon Winkenwerder, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this Complaint, acting in his capacity as police officer employed by the City of San Marcos, Texas acting under color of state Law.

28. The Defendant, Erin Clewell, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as Training Coordinator employed by the City of San Marcos, Texas acting under color Law.

29. The Defendant, Lee Harris, is a citizens and resident of Bexar County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the City of San Marcos, Texas and was acting under color of state Law.

30. The Defendant, Jeremy Sembera, is a citizens and resident of hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the City of San Marcos, Texas and was acting under color of state of La.

31. The Defendant, Chase Step, is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, employed as the Assistant Chief of Administrator employed by the San Marcos Police Department in Hays County, Texas and is responsible for the supervision and training of all police officer defendants in this complaint. Is further responsible for all operations decisions making and or implementing policies and practices used by Law enforcement officers employed by the City of San Marcos, Texas regarding stops, searches, arrests, racially profiling, and use of force

32.. The Defendant, Lee Leonard, is a citizens and residents of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity as a police officer employed by the city of San Marcos, Texas and was acting under color of state Law.

33.. Warren Zerr is a citizens and resident of Hays County, Texas and was at all times material to the allegations in this complaint, employed as the Chief of Administrator by the San Marcos Police Department in Hays County, Texas and is responsible for the supervision and training of all police officer defendants name in this complaint and the department. Is further responsible for making and or implementing policies and practices used by Law enforcement officers employed by the City of San Marcos, Texas regarding stops, searches, arrests, racially profiling, and use of force

34. The Defendant, Howard Williams, is a citizen, and resident of Hays County, Texas was at all times material to the allegations in this complaint,

employed as the Chief of Police of San Marcos Police Department in Hays County, Texas is responsible for the supervision and training of all police officer defendants in this complaint. Is further responsible for all operations decisions making and or implementing policies and practices used by Law enforcement officers and personal employed by the City of San Marcos, Texas regarding stops, searches, arrests, racially profiling, and use of force Chief also is the final decision maker within the San Marcos Police Department.

35. THE Defendant, Rosanna Wisner, is a citizen of Hays County, Texas and was at all times material to the allegations in this complaint, acting in her capacity Records& Communications Manager employed by the City of San Marcos, Texas.

36. The defendant, Conrad Fjetland, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting in her capacity Municipal Court Prosecutor employed by the city of San Marcos, Texas.

37. The defendant, John Burke, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity Residing Judge employed by the city of San Marcos, Texas.

38. The Defendant, Susie Garcia, is a citizen of Hays County, Texas and was at all times material to the allegations in this complaint, acting in her capacity municipal court administration employed by the city of San Marcos, Texas.

39. The Defendant, Michael Cosentino, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity City Attorney employed by the city of San Marcos, Texas.

40.. The Defendant, City Of San Marcos, is a political subdivision of the State of Texas for which the defendants who is police officers, City Attorney, Municipal prosecutor, Presiding Judge, Court Administration. Williams serves as Chief of Police. City of San Marcos is the political subdivision of

the state of Texas responsible for the training and supervision of the City defendants, City of San Marcos has established or delegated to defendant Williams, Cosentino the responsibility for establishing and implementing policies, procedures, and customs used by law enforcement officers employed by City of San Marcos regarding arrests and the use of force, racially profiling. Services of the Summons and this Complaint may be made by serving the city located 630 E. Hopkins San Marcos, TX 78666

41. The Defendant, Les Stephens, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting in his capacity Fire Chief employed by the city of San Marcos, Texas.

III. Hays County Defendants

42.. The defendant, Hays County, is a political subdivision of the State of Texas for which defendants Weber, Moore, Norris, and Livingston serve as Assistant Prosecutor. Lopez Salazar serve as Hot Check Manger, Misdemeanor Investigator and Sherri serve as District Attorney. Hays County is a political subdivision of the State of Texas responsible for the training and supervision of Defendants Weber, Norris, Livingston, Lopez, Salazar, Moore, Rodriguez, and Upegrove. Hays County has established and delegated to defendant Tibbe the responsibility for implementing policies, practices, procedures, and customs used by defendants employed by Hays County. Service of the Summons and this complaint may be made by serving may be made by serving its county Judge, Who are also defendants, Rodriguez, Updegrove , at their place of work address 712 South Stagecoach Trail Ste 2235 San Marcos, Texas, 78666

43... The Defendant, Fred Weber, is a citizen of Hays County, Texas and was at all times material to the allegations in this complaint. Weber is sued in his individual capacity and in his official capacity as Hays County Assistant District Attorney, employed by Hays County District Attorney Office, located in Hays County, Texas. Service of the Summons and this Complaint may be made by serving him in person at her place of work, Hays County District Offices, 712 South Stagecoach Trail Ste 2235, San Marcos, Texas

44. The Defendant, Ben Moore, is a citizen of Caldwell County, Texas and was at all times material to the allegations in this complaint. Moore is sued in his individual capacity and in his official capacity as Hays County Assistant Attorney, employed by Hays County District Attorney Office, located in Hays County, Texas. Services of the Summons and this Complaint may be made by serving him in person at his place of work, Hays County District Offices, 712 South Stagecoach Trail Ste 2235, and San Marcos, Texas 78666

45. The Defendant, Sherri Tibbe, is a citizen of Hays County, Texas and was at all times material to the allegations in this complaint. Tibbe sued in her individual capacity and in her official capacity as Hays County District Attorney. Service of the Summons and this Complaint may be made by serving her in person at her place of work, the Hays County District Attorney's office,712 South Stagecoach Trail Ste 2235, San Marcos, Texas 78666. District Attorney elected by Hays county Citizens and employed by Hays County District Attorney Office, Located in Hays County, Texas

46. The Defendant, David, Livingston, is a citizen of Hays County, Texas and was at all times material to the allegations in this complaint, is sued in his individual capacity and in his official capacity as Hays County Assistant District Attorney. Service of the Summons and this Complaint may be made by serving him in person acting in his capacity Assistant Prosecutor employed Travis County District Attorney Office, located in Travis County, Texas.

47. The Defendant, Sydney Norris, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting in her capacity Assistant Prosecutor employed by Hays County District Attorney Office, located in Hays County, Texas.

48. The defendant, Pam Salazar, is a citizen of Hays Count, Texas and was at all times material to the allegations in this complaint, acting in her individual capacity and her official capacity as Hot Check Manager employed by the Hays County District Attorney Offices. Service of the

Summons and this Complaint may be made by serving her in person at her place of work, located 712 South Stagecoach Trail Ste 2235, San Marcos, Texas 78666.

49. The Defendant, Joe Lopez, is a citizen of Hays County, Texas and was at times material to the allegations in this complaint, acting and sued in his individual capacity and his official capacity as Misdemeanor Investigator employed by the Hays County. Service of the Summons and this Complaint may be made by serving him in person at his place of work, located 712 South Stagecoach Trail Ste 2235, San Marcos, Texas 78666.

50. The Defendant, Judge Upegrove, is a citizen of Hays County, Texas and was at times material to the allegations in this complaint, acting and sued in his individual capacity and his official Capacity a Judge employed an elected by Hays County. Service of the Summons and this Complaint may be made by serving him in person at his place of work, located 712 South Stagecoach Trail Ste 2235, San Marcos, Texas 78666.

51. The Defendant, Judge Rodriguez, is a citizen of Hays County, Texas and was at times material to the allegations in this complaint, acting and sued in his individual capacity and his official Capacity a Judge employed an elected by Hays County. Service of the Summons and this Complaint may be made by serving her in person at her place of work, located 712 South Stagecoach Trail Ste 2235, San Marcos, Texas 78666.

## IV. Private Attorney's

52, The Defendant, Tate Saunders, is a citizen of Hays County, Texas and was at times material to the allegations in this complaint, acting as an appointed attorney employed by Hays County. Service of the Summons and this Complaint may be made by serving him at his Law offices located 144 East San Antonio Street, San Marcos, Texas 78666. Bar Number# 00794594

53.The Defendant, Todd Dudley , is a citizens of Hays County, Texas and was at all times material to the allegations in this

complaint, acting as a appointed attorney employed by Hays County. Service of the Summons and this Complaint may be serve him at his Law Offices located 812 San Antonio St., Suite G15, Austin, Texas 78701. Bar Number#00792999

54. The Defendant, David Mendoza, is a citizens of Hays County, Texas and was at all times material to the allegations in this complaint, acting as a appointed attorney appellant employed by Hays County. Service of the Summons and this Complaint may be serving at his Law Offices 608 S. Guadalupe Street, San Marcos, TX 78666, bar number: 24046426

V. Private Business

55. The Defendant, Labor Finders International Inc., Headquarters located 11426 North Jog Road, Palm Beach Gardens, FL 33418. Branch Offices located in Hays County, Texas, employed Sheila Foster, Wilbur A. Wood Branch Manager. Both individual was at all times material to the allegations in this complaint, acting as the Branch Manager, Office Manager. Services of the Summons and this complaint may be serve at the location 1200 Hwy. 80 Suite 106 San Marcos, TX 78666.

56. The Defendant, Green Recycling is a business located in Hays County, Texas and was at all times material to the allegations in this complaint. Services of the Summons and this complaint may be serving at the location 937 Hwy 80, San Marcos, Texas 78666 behind Hobby Lobby.

## VI. Facts

57. On the date of June 07, 2009 Plaintiff was sitting on a rock waiting on his associate for a money gram at Wal-mart. A RANGER Mendoza approach the plaintiff driving a four-wheeler

58. The Ranger Mendoza quickly ask the plaintiff for his I.D in which the plaintiff cooperated respectfully. The Park Ranger ask the plaintiff if he have warrants the Plaintiff explain his never been issue a ticket or has been arrested.

59. The Parker never told the plaintiff why he is I.D him, the ranger just drove up on his 4 wheeler and do whatever you what to do. The Plaintiff standing up look at the parker ranger and ask if he can go the park ranger replied "no". Unidentified police officer arrives and constructs a plan to force the plaintiff into signing a ticket for failure to I.D.

60. The plaintiff in his possess seven forms of Identification including birth certification, Driver License, Social security, Acc I.D Card, State I.D, Bank statements, Bank Card.

61. The park ranger and unidentified officer pull their taser on the individual for no reason, no dispatcher calls, or criminal activity. The Defendant starts to cry and was transported to the Hays County Facility Center. Violations of fourth Amendment, the Case was dismiss and Violations of sixth Amendments *Barker v. Wingo*, 407 U.S. 514(1972.

62. The Harassment persist, the plaintiff employed at Jack in the Box located by I-35 near Sam Clubs was walking from Aquarian to work the over night shifts stop almost every night for no reason. The cops followed the plaintiff to work and created a hostile and emotional distress for the plaintiff.

63. On the date of 04 September, 2010 plaintiff walking down Guadalupe Street to a friend house. Officer Slaughter stops the plaintiff for no reason.

Demanded the Plaintiff I.D, the Plaintiff refusing knowing the cop has no probable cause for the cops. The officer slams the Plaintiff on the hood for no reason and search the plaintiff. No criminal activity in sight. Violations of the Plaintiff fourth, sixth Amendments and ninth amendments The Plaintiff was driven home by a sergeant to his apartments. The sergeant explains to the plaintiff that this isn't a white or black thing. The Plaintiff interrupted and said" I don't view the world in black and white. I view threw an individual basis.

64 The Plaintiff went home for thirty days and return Hays County, Texas to move into a friend's house.

65. The Plaintiff was with friends and notified by his friend that his unemployment was cut off. The Plaintiff wonder who is in involve with his unemployment be cut off. The Plaintiff was shock and thinking this is his only source of income living for day to day.

66. 0n the date of 03 September, 2010 the defendant Slaughter stop the Plaintiff again for no reason. Plaintiff was frustrated with the police harassment and nobody with the city would stop the harassment. The Plaintiff ask defendant slaughter, 'Why are ya'll stopping me every night for no reason", the defendant Slaughter replies" Because of your mouth". The Defendant on video asks the plaintiff for his name then he pronounces the plaintiff name and asks for I.D. The Plaintiff said on video you have stop me more than thirty times for no reason. The officer along with two other officers was present. No officer tried to intervene and stop the harassment. The video number CASE #6373269 and was provided by Ms. Harrison. Violations of the defendant fourth, ninth, right to privacy to walk and go as one please. No warrants were issued or probably cause for the arrest. Unreasonable search and seizures of the Plaintiff

67. On the way to the jail the defendant Slaughter committed assault by striking the plaintiff across his forehead while his was handcuff in the back seat of the patrol car. The video was edited and set in motion a chain of conspiracy to deprive the Plaintiff from exposing the incidents and

intimidation of the Plaintiff the Plaintiff also lost his apartment due to the harassment which lead to the plaintiff living on nothing.

68. On the date of 10 September, 2010 the Plaintiff notice some items missing from his bag he stored in a old building in which the owner was

Ask and permission was given. The item was his check book he retrieves from Houston to write check because his debt card was stolen at the time.

69. On the date of 11 September, 2010 in the early morning the defendant taking a nap at an abandon building because of the harassment. The Defendant Harris, Amerson, Sembera arrive with a agenda. Sleeping at the time the defendant Sembera open the door aggressively and ask the plaintiff did you receive the notice "to get the hell out of our town". The Defendant Sembera tells the defendant to turn around and handcuff was place on the defendant. The defendant tired, body batter and mind stress beyond the normal conscious. All three defendants ask the Plaintiff why you are in San Marcos, the plaintiff explains just being free and trying to work sir. Amerson wrote a Criminal Trespassing Warning for the Plaintiff. Defendant Harris handed the Plaintiff back his checkbook in which, Defendant Harris explain he pick up the checkbook on Aquarian Drive. The defendant Harris with into the Plaintiff bag and illegal obtain the checks without a warrant or probably cause.

70. This is where the Defendant Salazar and defendant Lopez comes in will prove at trial.

71. The Defendant helpless in getting help about the Harassment, stills go to Labor Finders early in the morning the first one there every morning for about nine month straights.

72. On the date of 29 September, 2010 the defendant walks over to Labor Finders to request some documents for a hearing he has pending with Texas Workforce Commission for the date of 21 October, 2010. The

Defendant Labor Finders who employed Sheila Foster as the office manager was acting rude because of the request to clarify his employment records.

73. The Plaintiff went back over to Labor Finders on the date of 30 Septemver,2010 around the time of 8:55a.m because he wanted to communicate  with Sheila about why Labor Finders submitted false documents to the state government. Sheila became agitated for no reason at all. The Plaintiff explains he is the one who have to clean up the mess the Defendant Sheila created for no reason. Defendant Shelia threat the gentlemen with calling the cops and the Plaintiff responded ''If you call the cops I'm not leaving a scene of crime. The Defendant Sheila calls the cops and a witness by the name of Donald Pope who offer the Plaintiff a ride a day before from Buda was present. When the Plaintiff was walking out and ask the witness Pope for a ride to Wonder World Drive, because Pope live in New Braunfels on the way to his house

74. The Plaintiff walk to the Municipal court for the court hearing for the Interference of Railroad property ticket. Walked next to Defendant Conrad ask the plaintiff '' what did you say you are from'' question ask to the plaintiff''. The Plaintiff was shock and terrified that the defendant ask a question in light of the plaintiff asking for help to stop the police harassment. Defendant Conrad said if you are getting harassment just leave and don't come back. The defendant demanded a jury trial, the Defendant Burke ask if there is a resolution to the case. The Plaintiff explains respectful to defendant Burke the cop assaults him and the cops are unlawful stopping him for no reason. The defendant Conrad in front of the defendant Judge and defendant Robert the clerk at the time that plaintiff has never been arrested before. Plaintiff knowing Conrad has just lied in front of the judge. Robert the clerk at the request of the plaintiff search online and told the judge, '' Jonathan has been arrested before judge. Defendant Conrad lied in front of Judge Burke. The Judge was shock and proceeding and set a per-trial hearing. This is when the police force started to stalk the Plaintiff harshly by writing tickets for no reason and for anything.

75. Defendant Tiffany Williams wrote a ticket, Defendant Amerson wrote a ticket.

76. The Plaintiff is scared to go home in San Marcos because he knows if the San Marcos Police department find out where he stays it will be hell out of the ground with no revolving door option.

77. On the date of 03 December, 2010 walked over to Hays County Court of Law for a court hearing with Defendant Moore handling the case. Plaintiff was off time served for the charge. Plaintiff tried to inform Defend Moore was interested in hearing the information. Signed a waiver to counsel and proceed with an application for appointed of attorney.

78. Attorney Martinez's was appointed by the Hays County Court of Law on the date of 03 December, 2010.

79... In January 2011, the Plaintiff submitted a letter to the Defendant Burk for a Trial reset because his new employment with CLP in Austin. Plaintiff work schedule starts at 6:00 am and end around 3:00p.m so the Plaintiff was notify the municipal court of his employment. The Defendant Burke rejected the request.

80. On the date of 25 January, 2011 Jury Trail for the Interference with Rail road Property. The Plaintiff was present on the date for his trial. The Plaintiff went to the Defendant Conrad offices for a reason why the Jury was dismiss for no reason. Defendant Conrad dictated to the Plaintiff to plea to the Failure to I.D in which the Plaintiff refuse and ask if Defendant Burke cannot issue a Failure to appear in which Defendant Conrad did not care OR ask the plaintiff to pleaded to the charge of Interference with Railroad Property. Plaintiff was notified by a city employee that a plan was hatch in the back room to make sure the Plaintiff doesn't make it to trial. Violations of the fourth, fifth, sixth amendment to the Constitution of United States Also Violations of the eighth Amendment excessive fines created to quiet the Plaintiff also a violations of the Plaintiff First Amendment freedom of Speech to speak about the police misconduct and trying to silence the

Plaintiff. Also the plaintiff was email in which at trial will shown the company in which the defendant was interviewed for.

81. The Defendant notified the Defendant Burke and Defendant Conrad about the Harassment nothing was done.

82. Employed by Dollar General on the date of 02 February, 2011 for stocker. The Plaintiff still struggling from the past infringement of his privacy and life tried to look forward in life, but the City of San Marcos had a different plan. The Plaintiff walking in 17% degree weather on the date of 11 February, 2011 so cold the Plaintiff walk into a hotel to sit down because his feet are frozen, num so bad he started to cry.

83. Plaintiff arrives at Hays County Government Center for a court hearing on the Criminal Trespass Case. Defendant Moore was in

84. On the date of 11 February, 2011 plaintiff was picked up for warrants for Failure to Appear and TBC in which the checks was property of the plaintiff in which illegal searches and seizure of plaintiff papers.

85. Plaintiff call appointed attorney Martinez for help getting out of jail for his Dollar General Employment  before they think he have quit or no call no shown. Call and call no return phone from Martinez. On the date 17 February, 2011 Plaintiff was brought into the court room shackle and handcuff in which he is humiliated by the Conspiracy to silence him and deprive him. Attorney Martinez comes into the room with a folder and opened the folder and pointed to an affidavit and three eyewitness statements and informs the plaintiff to plea because he can't win with three witnesses.

86. Plaintiff warns Martinez about the cover up the San Marcos Police Department engaging in a cover up. Plaintiff read the affidavit and noticed Defendant Sembera stated" Johnson was yelling that San Marcos Police Department is harassing and it's because he is black. We know this is a lie. I ask Martinez about the TBC, from Martinez action is Martinez is caught off

guard with the request. Attorney Martinez wasn't informed about the TBC, don't know why. Will prove at trial

87. Attorney Martinez informed about the TBC case from plaintiff, Martinez never persuade the plaintiff , Martinez had in hand three eyewitness statements and refuse to check the background on Defendant Pope and Defendant Sheila. Attorney Martinez informed the court Plaintiff wasn't persuade to plea to the case. Attorney Martinez persuade plaintiff beyond a shadow of doubt. Attorney Martinez never explained the appeal process for plaintiff involving in both cases for steps plaintiff can prove his innocent.

88. Again in year of 2011 Defendant Green Guy Recycling is calling in their friends on the suspicious of Plaintiff selling of material. Plaintiff cooperated with Green Guy Recycling by providing Identification and by being friendly. Plaintiff was in contact with Defendant Waugh numerous of Times at Green Guy Recycling. No calls about missing material or calls about the plaintiff involve in any illegal acts or engaging in suspicious behavior.

89. On the date of 21 March, 2011 plaintiff arrives at Hays County Court of Law with a termination of Counsel of Martinez because of Attorney lack of listening to prevent the miscarriage of Justice. Plaintiff submits the letter of termination to the court. In the process of submitting the letter, Judge Upegrove invited plaintiff into the room to talk. Plaintiff informs the judge about the Harassment and how he doesn't want to file a lawsuit base on the unlawful stops and unlawful arrest. Defendant Upegrove notified the plaintiff if he drops off sixty dollars in the charity he could go free. Plaintiff sign a waiver to counsel to communicate with Defendant Moore about the TBC, and how the checks was used against the plaintiff to get a guilty result from the criminal trespass case. Defendant Upedgroe was informed of the harassment and unlawful stops.

90. On or about the dates of 11 or 13 Plaintiff was present for a hearing at the municipal court about his previous charges. Plaintiff requested to be treated fairly but defendant Burke and Defendant Conrad insisted with the campaign of force plaintiff out of the city and silencing the plaintiff about

the organized campaign of harassment. Plaintiff was told no jury trial until $365 dollars was paid for Failure to appear. Defendant Susie Garcia conversant with defendant Burke and Defendant Conrad about the plaintiff case and trying to intimidating the plaintiff into pleading to all cases Defendant Garcia tried to scare the plaintiff by saying 'If you don't plea to all cases warrant will be issued for every cases. Plaintiff refusing to submit to the intimidation walked out of the court room.

91. Defendant Leonard around or about the date of 11 or 13 of April, 2011 followed the defendant while riding his to seven eleven store on Guadalupe Street. Walk into the store and said " next time you have a fucking problem with my cops inform me first" Plaintiff tried to communicate with defendant Leonard about the incidents but he walked away with a temper.

92. On the date of 25 Mat, 2011 plaintiff is schedule for a job interview around the time of 2:00pm for the Texas State Book store. Plaintiff walking in the early morning to visit a friend living on Wonder World Drive who need help went rent. Walking toward the Wonder World plaintiff noticed a pile of black ropes in the middle of the tracks.

93. Walking back to the car shop located by C M Allen Parkway for work and assisting the owner and a co-worker with side work. Plaintiff and the co-worker drove back to Wonder World Drive its lunch time so Plaintiff and the individual stop beneath a tree located on the side of Wonder World Drive. Plaintiff and the individual was not on any property around the time of 11:17a.m Plaintiff open the door and perceive to walk over the tracks and noticed the black ropes thinking maybe it might be something left behind. Plaintiff noticed it was copper and picked up one wire and noticed it was a union Pacific Train stop and a Conductor inside who wave.

94. Plaintiff was not hiding anything about picking up the wire. Plaintiff walk back to the truck and noticed a police officer patrol car pulled up quickly and proceeded on as he was. Plaintiff distrust with the San Marcos Police department is so high, plaintiff ask defendant Casteel if his patrol camera is on the officer said yes. Plaintiff inform defendant Casteel about seeing

black ropes in the middle of the track early this morning. Plaintiff cooperated with the defendant Casteel and walks back to the truck and pulled out the wire and provided Defendant Casteel with his I.D. Plaintiff explain his story over and over again. Individual with the plaintiff explain the same story and also added you find stuff every day.

95. Defendant Waugh drove up and talk first to the defendant Casteel and then walk over and with Plaintiff I.D in his hand and ask plaintiff for his name. Defendant Waugh immediately places the plaintiff in handcuffs and place plaintiff in back seat of car. No calls or report of suspicious activity in the area.

96. A Conductor who walks out on the platform of the train tried to communicate that nobody walk on property committed a crime. Defendant Waugh story is different. Defendant Castillo and Defendant Waugh and defendant Casteel all walk around the building looking and searching for something.

97. All doors on the building were lock. Defendant Casteel place the other defendant in the same car with the plaintiff and proceed around the building with the other defendants.

98. Plaintiff watch as Defendant Castillo push a wheeler barrel about sixty feet away from the building into a created crime scene. Defendant Casteel manager to overlook the cut in fence

99. Defendant Waugh pulled wire cutters beneath the building and also a blooded shirt with tools within the shirt. Place don't have cuts on his hands or anywhere on his body. All three Defendants tainted evidence to false arrest the plaintiff.

100. Arrested for a State Jail Felony in which no charge was file or indictment hand down from a grand jury. Plaintiff set in jail for seventy-six days fir no reason because a Police force only interested in proving he is guilty of something.

101. The other individual was release from jail while the plaintiff was not release from jail. Plaintiff suffered from emotional distress being inside with dangerous criminals.

102. Defendant Dudley was appointed by the Hays County District Court for the plaintiff in his case of material. Plaintiff was brought into Hays County Court of Law and Defendant Norris informed plaintiff that the state doesn't want to persuade your case. Plaintiff ask why, what happen, Defendant Norris said nothing sir.

103. Plaintiff asks for more time to think about the case. Plaintiff was brought back to Hays County Court of Law on the date of 11 August, 2011 in which Defendant Dudley was present and was shock about the recent information about the case.

104. Defendant Dudley never explain the case to the Plaintiff, never explain the other individual they caught on the property, never explain the Brady rule. Defendant Dudley never read the report, but he does remember the tickets I receive at the hand of the cops. Violation of Plaintiff fourth, fifth, sixth, first amendments

105. Plaintiff was removed from the court room and walk back to the holding area within the Hays County Justice Center. In the process Defendant Moore walked into the courtroom and conversation with Defendant Dudley in walked outside together.

106. Defendant Dudley walks back to the holding area where plaintiff was being held and defendant Dudley explain to plaintiff sin months from now you might get a jury trial. Defendant Dudley told Plaintiff that if you don't plea you will be re-indicted by Ben Moore personally. Plaintiff was terrified of the Legal procedures the Hays County District Attorney offices operate with the scope of the Constitution of the United States. Defendant out of fear for his life and not knowing of the individual the police officer caught had no choice.

107. Plaintiff was notified by a unidentified police officer to get a lawyer becomes some police officer have a agenda to do harm to you MR. JOHNSON. Month of this event is September, 2011.

108. Plaintiff important documents including video of the incidents with defendant Slaughter and two eyewitness statements from Defendant Sheila and Defendant Pope was inside of a old white building. On the date of 05 October, 2011 plaintiff walk back to the building to retrieve his personal items and noticed the building was burn to the ground.

109. Plaintiff knew then his situation is dangerous and the San Marcos Police Department hand was somewhere in the middle.

110.On the date of 06 Decemeber,2011 plaintiff was walking from his apartment to the Greyhound Station around or between the time of 8:30am and 9:50am and notice while walking by Century Link and noticed Defendant Moore was staring directly at him. Plaintiff was given permission from Joe to leave his some of his clothes in storage by the co-worker Joe. Defendant Moore was driving his Bluish or grayish Chevrolet or GM Suv.

111. Plaintiff mother was in the hospital because of a minor store the stress is at an all time high for Plaintiff. In the month of December, 2011 Plaintiff rode the Greyhound Bus to College Station, Texas. Plaintiff left on the date of 06 Decemeber, 2011.

112. Plaintiff was sent a money gram while in the College Station area on the date of January 12, 2012. Plaintiff was back in Hays County on the date of February 24, 2012.

113. On 27 April, 2012 Plaintiff back in town from College Station after visiting his mother. Plaintiff mother recover from the minor stroke.

114. On 27 April, 2012 Plaintiff walk over to the car shop to retrieve his clothes in the storage behind the car lot. Upon checking with the manager

who " gave the ok". Plaintiff went over to the yellow store and noticed a police car. Upon returning to the car shop Plaintiff given permission

115. On 27 April, 2012 Plaintiff while searching for all of his items noticed a individual walking directly his way. Plaintiffs explain to the individual he is getting his items the individual agree and walk away. Plaintiff before leaving noticed a police officer walking in the direction. Defendant Sheridan and Officer Matt and a detective Plaintiff explain how he knew the renter Albert and Joe.

116. Defendant Sheridan was not interest in the Plaintiff situation about returning four days ago and how he wasn't staying in the building.

117. Defendant Palermo decided to join the part of trying imposing a fear upon the plaintiff didn't work. On 08 March, 2012 plaintiff riding a friend bike to pick up laptop for his friend Mr. Mike

118. Plaintiff following all laws as usually stop when then light is red and goes when it is green.

119. Defendant Palermo stop plaintiff for no reason, no warrant, not walking or riding illegal. Defendant Palermo looked at the bike and said you don't have a front light, Defendant Palermo told defendant to "shut up".

120. Bicycle not equips W/light. Plaintiff noticed the light on the bike and rode his bike and noticed Defendant Palermo was writing another ticket for a individual name Adam Green.

121. Plaintiff stop and patiently waiting while Defendant Palermo is writing a ticket for Adam Green. Plaintiff notified defendant Palermo of the light in the front of the bike and the light was on. Defendant Palermo replied to plaintiff" I don't care, get away from me". Plaintiff got back on his bike and laugh knowing San Marcos Police won't stop until the plaintiff is scared or leave the city.

122. On the date of 03 March, 2012 plaintiff riding his bike again on Guadalupe Street after 12:00a.m. Defendant Palermo stops the plaintiff again and cut in front of the plaintiff almost causing the plaintiff to wreck the bike.

123. On the date of March 11, 2012 once again Defendant Palermo unlawful stops Plaintiff by Post office Building in downtown.

124. On the date of 11 March, 2012 Defendant Palermo dictated to the plaintiff to stand on the side of his patrol car. Defendant Palermo started the conversation by trying to explain about the last incident and plaintiff ask defendant Palermo if his patrol car camera is on and plaintiff said '' let's walk in front of the car''. Plaintiff walks around in front of the car and defendant out of nowhere said turn around and place the defendant in handcuff and arrested plaintiff. Defendant Burke said 'you must have pissed the fuck out of the cop. For taking you to jail for a bicycle

125. Plaintiff ask inside of the patrol car ''why do San Marcos Police continue to stop me''. Defendant while inside of the car respond '' well if you continue to get arrested then move, No warrant issue by a judge or a dispatch call just arrest the plaintiff nobody cares.

126. On the date of 23 April, 2012 Plaintiff walking down Guadalupe street and notice a police officer at a stop light and the police officer flash the side light on Plaintiff. Defendant Palermo was the officer. Palermo continues to stalk and engaging in a stalking conspiracy against plaintiff.

127. Defendant Palermo continues to stalk and encouraging other officers beneath him to do the same will prove at trial. Defendant followed plaintiff for ten minutes around the downtown area.

128. Plaintiff walking past downtown to the library to study old civilization in the past world. Plaintiff while walking noticed a police officer's stop two African American in the parking lot in front of seven eleven corner store on Guadalupe street. Plaintiff walked over to get a drink of water and

defendant Sparenberg ask plaintiff for his name and plaintiff ask what is going on.

129. Plaintiff noticed defendant Sparenberg had a taser in his hand and ask the plaintiff again ask 'what is going' Sparenberg didn't know Plaintiff but Defendant Palermo knew Plaintiff and sent Defendant Sparenberg to do his dirty work. Plaintiff asks Defendant Sparenberg what he is acting so aggressively.

130. Plaintiff knew defendant Palermo was involve in the unlawful arrest, defendant Palermo was in his patrol car at Hays County Law Enforcement Facility sitting in his car, before plaintiff who is in the back seat handcuff and Defendant Sparenberg was the arresting officer. Conspiracy not stops.

131. Plaintiff was present for his court hearing on the date of 23 May, 2012 involved a Criminal Trespass charge. Plaintiff wavier right to counsel and conversant with Defendant Livingston about the case number 12-220CR...

132. Defendant stated plaintiff he goes to trial that he would submit his past two cases. Plaintiff agrees to the submission. Plaintiff also noticed defendant Livingston ask an intern to bring the COPPER Case in which had three videos inside of the file. Plaintiff asks if he could get a copy. Defendant Livingston explain "file a request open records and we have to release all information.

133. Plaintiff explains his past appointed attorney Defendant Dudley did not tell him about videos. In which plaintiff have been requesting videos since his first encounter with the police department?

134. Trial certification was handed to Plaintiff by Rene the clerk and plaintiff demanded a jury trial. Plaintiff also asks about Defendant Ben Moore, and defendant Sydney Norris. Defendant Livingston asks how deep is the grievance" plaintiff responded very deep.

135. There are three videos of the false arrest and nobody including defendant Dudley notified plaintiff about the videos.

136. Plaintiff was present at Hays County Government Center on the date of 24 May, 2012 and was inside of negligence Homicide trail. Tamara Needle was the Lead attorney for a defendant. Plaintiff noticed the Jury was on the left side and plaintiff also met the court administrator the same day. Plaintiff while watching the Jury Selection noticed Defendant Ben Moore was the state Prosecutor in the case.

137. Plaintiff noticed Defendant Moore explain his background to the jury. Defendant Moore explain being from Lockhart. Plaintiff also notices Defendant Moore asking a Austin Police Officer question about being bias toward the defendant case. Austin Police Officer is a resident of Hays County, Texas and resides in the city of Kyle. Just clarify the officer and plaintiff was present the officer is a African American. Plaintiff doesn't know if other officer was present before.

138. After leaving the Hays County Government Center plaintiff went home and was invite to watch a sports game. Plaintiff noticed the time was getting late and started to walk around 11:53p.m.

139. Plaintiff walking home and noticed another cop was following him so plaintiff walk threw a short cut by a corn field. Plaintiff while ducking and dodging the cops was safe and started to walk on the tracks for two minutes before going into a trial to the house.

140. While walking down the track plaintiff noticed he was behind Wal-mart and out of nowhere, two San Marcos police officer had in their hands two assault rifles and lights on both guns and pointed the rifles at plaintiff. Plaintiff drop to the ground crying and noticed both police by face and name

141. Defendant Beck and Defendant Fischer is the officer who pulled two assault rifles and pointed both rifles at plaintiff. Plaintiff asks for the time

and Defendant Fischer said its 12:35. Plaintiff ask what are you doing. Both Defendants said they got calls about a gun shot in the area. No gun shot was ever reported another scare tactics hoping the plaintiff would move.

142. On or around 9th and the date of 16 June, 2012 plaintiff was walking from downtown and noticed a blue Silverado was following him so the plaintiff in a drastically moment enter Sac Pac so the cameras can be plaintiff secondary witness. Defendant Moore got of the truck with a straw hat on and walked over and looks at the plaintiff and said" get the hell out of my town". Plaintiff noticed defendant Moore was reaching for a Dr.Pepper and plaintiff said you know Moore" there are cameras so you are an intimidator.

143. Plaintiff left the store terrified of some public official who engage in a campaign of anything goes.

144. Plaintiff was patiently waiting for his jury was hired a subway on the date of 2 July, 2012 and was working to get the hell out of San Marcos. Plaintiff was again followed by the cops and one cop actually came into the store and noticed the plaintiff and walked out. Plaintiff conversant with his supervisor about being unable to perform his duty

145. In the month of August, 2012 plaintiff was hired again at Golden Chicken.

146. Plaintiff walking downtown on the date of 05 August, 2012 around the time of 12:15a.m. Plaintiff noticed defendant Harris was behind Jimmy Jones eating a sandwich and plaintiff walk inside and spoken to the employees.

147. Plaintiff walked outside onto public property and walking up to plaintiff comes defendant Tiffany Williams approaches plaintiff about selling inside scam in front of MR. GEES. Defendant Williams also explain" I know where you work at. Defendant Williams said "it's my job to figure you

MR. Johnson. Defendant Harris stood behind Plaintiff and plaintiff was boxed in with nowhere to go.

148. Plaintiff out of fear of his life walked back to a secret place where his pack back was located in which had a video and statements. Plaintiff noticed his videos was gone and all statements. Plaintiff was shock knowing his trial is in twenty-four hours. San Marcos Police Department was involved in taking his evidence.

149. Plaintiff was preparing for his Jury Trail around the time 6:00a.m and noticed he still had a copy of the video and copies of the statements. Plaintiff was lying on couch thinking about how to win his case. Around the time of 7:00a.m Defendant Harris and Defendant Sembera kick down a tan in place of the hole and with defendant Sembera with a taser in hand said get " the fuck up" and turn around and handcuffs was place on the Plaintiff.

150. Nobody knew the plaintiff was inside o the building but San Marcos Police Department. Plaintiff was told by a defendant San Police Department is going to hurt you and they are at the building every day.

151. Plaintiff was arrested two hours before his Jury Trail and while at Hays County Facility the judge refuses to release plaintiff and plaintiff was in jail while his Jury Trail was delayed again. Violations of plaintiff fourth, fifth, sixth, Amendments of the Constitution of United States

152. Plaintiff was sitting in jail and no help and plaintiff wrote letters to U.S Department of Justice and NAACP no help.

153. On the date of 06 September, 2012 plaintiff was visited by appointed attorney TATE Saunders although Saunders was appointed weeks before. Defendant Saunders was present at the Hays County Facility for a visit with the plaintiff. Defendant Saunders sits down no folder in hand or any material. Plaintiff compliment plaintiff tie. Defendant Saunders said" Johnson you are a well spoken guy. Plaintiff explains the harassment and the cover up taking place. Defendant Saunders said individual at the Hays

County Government think you are paranoid. Plaintiff explain if you committed overtly unethical conduct as those individuals (Hays County Official) you would call somebody paranoid. Plaintiff explain coercion including emotional torture and many more acts. Defendant Saunders admitted" yes it is, it's the way it is. Plaintiff responded no sir " it isn't the way it is, it is the way they and you (Saunders) want it to be.

154. Plaintiff asks Defendant Saunders about a PR Bond. Plaintiff Explain to defendant Saunders" my mother had a stroke and my sister needs my help and I have employment can you ask a judge for a PR Bond. Defendant Saunders explain" Judge it is not going to release you no way. Plaintiff explain no threat to the community, no violence history why not sir. Plaintiff explain if you go ask the judge Rodriguez I 'am sure she could understand.

155. Defendant Saunders offer plaintiff a offer from Livingston in which Saunders verbally told plaintiff plea to the arrest on the date of 06 August, 2012 and you can go free. Plaintiff ask "Why did you (Saunders) wait until four days before trial to speak to plaintiff. Plaintiff and Saunders never talk about the case.

156. Defendant Saunders full of words from somebody said" Judge is not going to release you if you don't have an address. Defendant Saunders also added" Where is do your friend stays. " Defendant Saunders never ask question about "how long have San Marcos Police Department". Defendant Saunders" how many compliant have you wrote about the incident, Never ask question about plaintiff life his emotional distress and the loss of time with his family. Defendant left.

157. Defendant Saunders appear at Hays County Law Enforcement Facility on Saturday on the date of 08 August, 2012. Plaintiff noticed plaintiff had a folder in his hand. Plaintiff explain about the witnesses need to be subpoena for the trial.

158. Defendant Saunders said there is no witness. Plaintiff frustrated with Defendant Saunders not during his job. Plaintiff ask Saunders about videos

for all three cases. Defendant Saunders responded quickly" there is no videos or witnesses.

159. Plaintiff refuses to plea and walks out of the room and went back to the holding tank.

160. On the date of 10 September, 2012 plaintiff trial date and was transfer from Hays County Law Enforcement Center to Hays County Government Center. Plaintiff was place in a separate room away from the Jury. Defendant Saunders walked into Court room #2 and plaintiff ask" we need a background check on all witness if there are witnesses.

161. Including medical records, criminal records, all background information. Defendant Saunders never responded. Defendant Saunders ask are you sure you want a jury trial. Plaintiff said 'yes". Saunders did everything possible to prevent plaintiff from a jury trial.

162. Plaintiff enter the courtroom smiling know now the jury is his only defense. Plaintiff reading threw the jury pool information and Defendant Saunders shoved the jury information documents toward Plaintiff. Plaintiff requested a meeting with the judge.

163. Plaintiff asks Defendant Rodriguez 'If defendant Saunders request a PR Bond because of plaintiff employment. Defendant Rodriguez responded "no" Mr. Johnson. Plaintiff ask defendant Rodriguez' explain his mother had a stroke and his sister needs help. Defendant Rodriguez responded "no" Mr. Johnson Saunders never ask me.

164. Defendant Saunders turn around and it's on record hopefully. Sandra Jackson the court reporter was present and typing.

165. Also added there are other witnesses. Plaintiff noted that one of the witnesses is a ex-employee and co-worker who were fired.

166. Plaintiff was bought back into the courtroom and a Bond Hearing was order by the judge. Defendant Saunders told plaintiff to not take the stand at all. Defendant Saunders acted threaten toward the defendant and defendant Saunders was interested in disrespecting the Defendant Livingston. Plaintiff turn to take the witness stand, defendant Saunders told Plaintiff no. Plaintiff went to the stand and knew he was on his own. Plaintiff was asking about whom he was and spoke truthfully and after the hearing plaintiff was release.

167. After defendant Rodriguez decision to release plaintiff, Defendant Saunders was not happy and what was weird is Defendant Rodriguez said she trust defendant Saunders after he lied in her face. Was shocking thought to express coming from a judge.

168. Plaintiff release because of his courage to know he is outnumbered but intelligence enough to out maneuver his opponents. Mistreated by his appointed attorney, defendant Livingston, and San Marcos police department

169. Plaintiff release on the date of 10 September, 2012

170. Plaintiff release and free again was walking and noticed his secret location was turn down some evidence destroyed and now the heat have got hotter. Plaintiff notice the same green guy employee at the location and ask if he could look threw the left over's of paper of the building for information.

171. Plaintiff receives a email form Saunders stated how a agreement was written down about providing evidence so Saunders could look at it. Yeah right Saunders is only interested in protecting, defending, Hays County District Attorney Offices.

172. Plaintiff walked to Defendant Saunders offices and spoken to the secretary. Defendant Saunders demanded to see the evidence and plaintiff was speechless about the conduct of Saunders. Yelling at the plaintiff and

threat the plaintiff if he doesn't provided the evidence he will call defendant Rodriguez to revoke his bond.

173. Defendant Saunders was in his office for fifteen minutes and demanded from plaintiff evidence. Plaintiff knew defendant Saunders was interested in protected not the plaintiff but his associated. Plaintiff walked out of the law offices and submitted a termination of counsel to the court. Defendant had no patient and refuses to listen to the plaintiff concerns about the San Marcos Police Department.

174. Plaintiff reason is hostility, anger, impatient, negligent of the plaintiff facts about past incidents. Also the arrest ending with a dismiss

175. Plaintiff submitted a termination of counsel on the date of 12 Septemeber, 2012. Hays County Government Center

176. Plaintiff also noticed and told Saunders he was arrested two hours before his jury trial. Defendant Saunders violated plaintiff First, fourth, fifth, sixth, eight, thirteenth, fourteenth amendments of the Constitution acts Title 18, U.S.C., Section 241 Title 18, U.S.C., Section 242. Also a state actor

177. Plaintiff went home for thanksgiving.

178. Plaintiff arrives back in town on the date of 26 November, 2012 and was downtown for a while. Time pass and plaintiff started to walk from downtown to the house and now date is 27 November, 2012 and plaintiff noticed a=police officer is following him from downtown and noticed the car by H-E-B, and noticed the same black-white car by I-HOP. Plaintiff walked under the bridge and noticed the the car sitting by the store stuff building. Plaintiff was walking and the officer flashes his light on plaintiff.

179. Plaintiff encounter defendant Hartman and plaintiff ask 'why are you following me form for about thirty minutes. Defendant Hart wrote plaintiff a ticket for Interference with railroad property. Plaintiff refused to sign the ticket and noticed another officer driving up. Refusing to sign to the ticket

defendant Hartman obtain plaintiff I.D illegal and search the plaintiff illegally and ran background check.

180. Defendant said' everything is clean. Then Place plaintiff in handcuff and place defendant in the back of his patrol car. No warrant was issue according to defendant Hartman. Unidentified officer explain" there is no conspiracy Mr. Johnson.

181. Plaintiff back was search illegal and transported to the Hays County Law Enforcement Facility. While inside of the Facility plaintiff noticed defendant Palermo was anger and said 'call the F.B.I I don't care and they can fire me. Plaintiff was surprise by Defendant Palermo action and words.

182. On the date of 02 December, 2012 Plaintiff was downtown again and noticed an individual was written a ticket for loitering. Plaintiff walked in front of Jimmy Jones and sit beside the individual to counsel with him about not being frustration with the issue. Plaintiff advised the individual go to court and prove you're innocent.

183. Plaintiff was approach by defendant Hartman again and told to turn around there are warrants for your arrest. Plaintiff cooperated and was place in the back sit of the car and transported to Hays County Law Enforcement Facility. Plaintiff asks" if you have warrants why not notify me five days ago. Defendant Palermo was present again outside of the Hays County Law Enforcement Facility.

172. Plaintiff was walking on the date 04 January, 2013 and walk into Taco Cabana and noticed Defendant Slaughter was working and plaintiff walk into the bathroom. Plaintiff walked out and looked at the defendant because of the past assault and defendant said' you better keep walking and you need to speed up, that's right speed up. Defendant Slaughter words again" you know what's up keep walking, keep walking.

184. On the date of 05 January, 2013 Plaintiff walking again and noticed defendant again at Taco Cabana and Plaintiff looked again and walk out for no more problems between him and Defendant Slaughter.

185. On the date of 06 January, 2013 Plaintiff place some important documents with his trench coat about the conduct of Defendant Upedgrove and others in a closed offer room. Plaintiff return the same night and notice his trench coat was gone with the papers insides was stolen guess who had the papers. Please guess

186.On the date of 11 January, 2013 plaintiff was walking on Guadalupe street around the time of 5:00p.m and noticed a blue jack up blue Chevrolet in front of Sac& Pac scratching a lottery ticket. Plaintiff noticed it was Defendant Amerson. Plaintiff walked inside out of fear or has any contact with the defendant. Plaintiff noticed Defendant circle around the store and acting as if his gas hand is low.

187. Plaintiff notified the cashier of the defendant and the cashier by the name of Sue explains to the plaintiff I know MR. Johnson. Sue explains" I knew just by the way he was looking inside of the store form his truck. Plaintiff was inside and defendant Amerson ask the plaintiff multiple questions about his where about. Plaintiff allow defendant Amerson to talk.

188. Defendant Ameson told Plaintiff he needs to take care of his warrants. Plaintiff walked outside and demanded his trench coat back and all his documents the San Marcos Police Department stolen. Plaintiff left.

189. Witness Sue either resign or just left her job right after the incidents

190. Plaintiff was present for Jury Trial on the date of 14 January, 2013 Plaintiff notified the records official about Judge Upegrove conduct. In which one of the complaint written was about the conduct of Defendant Upedgrove.

191. Plaintiff requested Defendant Upegrove to recues himself. Plaintiff was notified of Judge Upegrove about the announcement in which plaintiff was not sent documents in the mail. Defendant Livingston handed plaintiff an Announcement papers with terminated counsel Saunders name on it.

192. Plaintiff walked out of the courtroom and rode the carts back to town to check his mail box and a letter from Tracey at the San Marcos Police Department about finding something belonging to plaintiff. A complaint Defendant Upegrove was written and stolen.

193. Plaintiff was present for a court hearing on the date of 16 January, 2012 and defendant Conrad, Defendant Burke, and Phil Jackson, Marshal Gracie were all present.

194. Plaintiff asks defendant Conrad why the police officer not told him (plaintiff) about the warrant in the first arrest. Defendant Conrad" we didn't issue a warrant. Plaintiff also told Conrad about his past conduct' Defendant Conrad tried to explain his words" go back where you came from.

195. Defendant Conrad said" just plea to the damn cases and get them over with" Plaintiff demanded a Jury Trail, Defendant Conrad said it's not going to happen. Plaintiff tried to talk professional with Defendant Conrad no answer at all.

196. Plaintiff was handed a note with option from Defendant Burke, two options; Pat now $1065, or bench trial with him on the bench. Well all in Judge Burke world is that possible. Decision is to be made on the date of 20 February, 2012

197. Plaintiff was talking to Gracie and Jackson for about an hour, and Jackson ask what my beef with San Marcos Police Department is.  Plaintiff responded "no beef" San Marcos Police almost destroyed my reputation as a clean background and nice smile gentlemen.

198. Plaintiff walk out of the courtroom with Jackson in which Jackson ask" 'are you going to Subpoena' plaintiff responded" yes".

199. Plaintiff did not sign any papers on that day he walk right of the court room with Jackson.

200. Plaintiff was taking a break from walking on the date of 19 February, 2013 around the time of 2:30a.m -3:00. Was laying down for a nap and four cops with assault rifles pointed directly at the plaintiff. Plaintiff was asking what the hell is going on. Plaintiff was explain the information by officer Eastland that a person with a gun started a fire and had a gun in his possess.

201. Plaintiff knew then that the Fire Department was now a part of this cover up this is probably the sickest conspiracy individual and experience and witness ever witness.

202. on the date of 04 March, 2013 Plaintiff was present for Jury Trial in which at trial we will prove Witness tampering. Plaintiff was asked by Defendant Rodriguez if he wanted an appointed counsel. Plaintiff walked back into the courtroom and said "no" I will proceed as" Pro se". Defendant Rodriguez suggested that plaintiff might not have the skills necessary to perform duties.

203. Plaintiff notices two jurors who responded to question beyond the scope of knowing. Plaintiff knew Richard and the Female sitting on his left will be strike. Plaintiff handed the clerk the list and was given the list back quickly and plaintiff also noticed that the list including the same two who the plaintiff known's he strike from the list.

204. Plaintiff was told by Defendant Rodriguez that we can pick from only the first twelve or the first two rows.

205. Plaintiff picked the jury and proceeded.

206. Plaintiff arrived at Hays County Government Center around the time of 9:00a.m for Jury Trial. Plaintiff noticed Defendant Livingston was not in the courtroom. Plaintiff ask an individual in one of the waiting rooms inside of the court room if he seen Defendant Livingston.

207. Defendant Palermo pulled out his gun and plaintiff told the Judge about the incidents. Defendant Rodriguez sent Bailiff Luna into the courtroom to check on the plaintiff. Bailiff Luna acknowledges after talking to the Defendant Sparenberg about the incidents and Defendant Sparenberg admitted pulling out his gun. Bailiff Luna ask plaintiff if he is okay, plaintiff responded "he is".

208. Defendant Sparenberg was not held indirect contempt of court for his action. Defendant Rodriguez acknowledges the incidents and was aware of the actions of a Defendant Sparenberg.

209. Plaintiff was found guilty and now is appealing his case.

210. Will explain at Trial Defendant David Mendoza illegal conduct with this scheme. Including withholding trial transcripts and for conspiring with Hays County District Attorney Offices to cover up theses illegal acts. He is a state actor and will prove these unethical acts.

211. Plaintiff walked over into the DA's offices for a meeting schedule by Sherri tabbi Secretary Emily for a meeting about Prosecutorial Misconduct and Police Harassment. Defendant Moore walked from the back area and started to yell at the plaintiff and asking" are you Johnathan Johnson", do you have a case on appeal", do you have attorney," Defendant Weber threat Plaintiff and requested Sheriff deputies to escort plaintiff out of the building. Plaintiff was explained by Deputy Sheriff hall that he can't come back to the Hays County Government Center. Plaintiff First Amendment was violated.

# VI. Cause of Action,

## I. VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS AND RIGHTS OF EQUAL ACCESS TO JUSTICE

212. Defendants actions created a type of malicious prosecution based on "guilt by association," which violated Plaintiff Johnson Due Process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution [under 42 U.S.C. 1983], on or about 09/03/2012 and 05/20/2013 to the present. See United States v. Robel, 389 U.S. 258, 266 (1967) Plaintiff was denied notice of accusation, the right to confront his [would be] accusers, and of his presumption of innocence. See Vachon v. New Hampshire, 414 U.S. 478, 480 (1974)[citing Thompson v. Louisville, 362 U.S. 199 (1960)][notice of accusation]; Miranda v. Arizona, 384 U.S. 436, 447-8 (1966)[illegal police procedures]; Pointer v. Texas, 380 U.S. 400, 404 (1965) and State v. Brown, 706 A.2d 465, 473 (R.I. 1998)[citing Davis v. Alaska, 415 U.S. 308, 316 (1974)][right to confront accusers/witnesses]. The Plaintiff is being deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution (i.e., the ability of receiving a fair trial and equal treatment under the law.). See L.A. Ray Realty v. Town of Cumberland, 698 A.2d 202, 210-11 (R.I. 1997) [citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)] [Substantive Due Process]; Griswold v. Connecticut, 381 U.S. at 481-6 [cited in Lawrence v. Texas, Case No. 02-102 (USSC, 6/26/2003)], and Aurelio v. R.I. Div. of Motor Vehicles, 985 F.Supp. 48, 56-57 (D.R.I. 1997) [Procedural Due Process]

## II. COUNT III-- VIOLATION OF ASSOCIATIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTION [42 U.S.C. 1983] AND RHODE ISLAND CONSTITUTION

213. Defendants violated the Plaintiff's rights of associational, familial and personal privacy and liberty under the First, Ninth and Fourteenth Amendments to the United States Constitution.

## III. FALSE ARREST/IMPRISONMENT

214..200. On or about 09/03/2010 and 09/30/2010 and 02/11/2011 and 05/25/2011 and 03/11/2012 and 04/23/2012 and 11/27/2012 and 12/02/2012and 04/11/2013 the Defendants executed a false arrest/imprisonment without legitimate warrants. See Hayes v. Florida, 470 U.S. 811, 816 (1985); Dyson v. City of Pawtucket, 670 A.2d 233 (R.I. 1996); Weber v. Cranston School Cmte., 212 F.3d 41 (1st Cir, 2000) [standing under 29 U.S.C. 794] and Carroll v. Capalbo, 563 F.Supp. 1053, 1057, fn.7 (D.R.I. 1983) [citing Gordon v. Crouchley, 554 F.Supp. 796, 798 (D.R.I. 1982) [Third-party litigant's standing to assert constitutional rights] and Powers v. Ohio, 499 U.S. 400, 411 (1991) [citing Doe v. Bolton, 410 U.S. 179, 187-9 (1973)] [threat of prosecution against third party].

### COUNT VI-- FAILURE TO PREVENT CONSPIRACY TO DEPRIVE FEDERALLY-PROTECTED RIGHTS

215..Defendants failed to prevent a conspiracy between  City Of San Marcos and Hays County official about Federally- funded activity, PAG, Gregg W. Jenner and other individuals, to deprive Plaintiff of his Federally-protected rights on or about 6/28/02 and 11/28/02 to the present, in violation of 42 U.S.C. 1985 and 1986. See Andrade v. Jamestown Housing Authority, 82 F.3d 1179 (1st Cir, 1996). Specifically, Defendants failed to prevent the harm done to plaintiff.

### IV. Title **42 U.S.C. § 1986. Action for neglect to prevent conspiracy**

216.. All defendant name in this complaint  knew of the Plaintiff complain about San Marcos Police Department harassment in which plaintiff suffer emotional distress and life of security, feel of being safe and travel free in territory of the United states.

## V. Texas TORT REFORM ACT LEGAL MELPRACTICE and

217. Defendant Dudley and Saunders and Mendoza conspire with the Defendant Hays County to prevent plaintiff from enforcing, protecting, encouraging his Constitution and civil right. All defendants with held important documents including possible witness Refuse to acknowledge with facts the harassment and prosecutorial misconduct and unlawful stops and denying plaintiff fourth, fifth, six, ninth amendments. Defendants action resulted in injury to plaintiff causing lost of employment, loss of enjoyment of life, loss of trust within the system. Plaintiff is entitled for compensation under Texas tort reform and. **Action for Neglect to Prevent Interference with Civil Rights (42 U.S.C. § 1986**

## VI. Civil Conspiracy

218. All defendants name in this complaint are involved in illegal conduct to deprive and continue to deprive plaintiff of his Constitution right. Engage in a campaign to silence plaintiff because of speaking up of the police harassment. Prove beyond a shadow of doubt.

219. Defendant arrested plaintiff and provided a false story to the San Marcos Records on the date of 25 MAY.2011 about surprising plaintiff in which an individual was found on property.

## 42. 42 U.S.C 183 (Excessive Force)

220. Plaintiff incorporate by reference all of the foregoing allegations about assault and battery. Plaintiff 1.right to be free from unreasonable search, 2 Right to be free from unwarranted search of body drawing assault rifles on the date of 25 May, 2013 defendant Fischer and defendant Beck

## VII. Abuse of Process

221. Plaintiff incorporate by reference all of the foregoing allegations in each of the paragraphs including defendant Moore, Defendant Norris, defendant Weber, Defendant Livingston, Defendant Salazar, defendant Joe Lopez, Kennedy for directing his staff not release information although State attorney general have provided multiple legal opinion Defendant Sherri engaged in a malicious and reckless intentional with clear-cut evidence do harm to plaintiff. –s matter of custom and police, acting with deliberate, conscious, and callous indifference to Plaintiff first, fourth, fifth, sixth, thirteen amendment to the United States Constitution, Brady Violation of evidence.

222. Plaintiff is entitled to compensation for his lose time and lose of employment of these illegal acts. Plaintiff is entitled to relief and compensation under 42 U.SC. 1983 AND 1981 and 1988 and 1986. Defendant Waugh, and defendant Casteel, and defendant Castillo planted evidence and forged evidence which violated plaintiff Fourth, fifth, thirteen , fourth Amendments to the United States Constitution.

VIII. Negligent Misrepresentation

223. Defendant Dave Waugh, Casteel, Castillo communicate a fairy tale to San Marcos Records now own by San Marcos Mercury. The date of the incidents 05/25/2011 false and providing knowing the information was and is false is a crime for creating story that doesn't exits

IX. Intentional Infliction of Emotional distress

224. Plaintiff realleges within this complaint of the above defendants for Sleepless night and terrified of going home. Plaintiff sitting in jail for crime he never done/ Plaintiff entitled for emotional wounds and punitive and aggravated damages and injunction relief.

X. Fraud

225. Plaintiff realleges within this complaint Defendant of San Marcos located In Hays County, Texas and Defendant Hays County acted with malicious and intentional of fraud and cause plaintiff great harm to his life, liberty and property which is protected Constitution of the United States of

America. Defendants tolerated, and/or ratified the illegal misconduct stated herein, including but not limited to the campaign by individuals with the San Marcos Police Department records and DA; s offices committed fraud with material. Submitting false documents witness tampering and intimidation

VII. Prayers for Relief

1. That Process issue to the defendants and that they are required to answer in the time allowed by law.

2. That Judgment is render in favor of the Plaintiffs and against the defendants on all causes of action asserted herein.

3. That Plaintiffs be award aggravated damages and punitive damages and those damages to which it may appear they are entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; permanent injury and loss of employment; losses of his personality. And for mental anguish pain and psychological shock and expense, both past and future

4. That Plaintiff is awarded punitive and aggravated damages against the defendants.

5. The action seeks declaratory relief, injunctive relief, actual damages, compensatory damages, taxable costs of court, pre-judgment and post-judgment interest and equitable relief as allowed by law for defendants' violations of the First, Fourth, fifth, sixth, eighth, ninth,

5. That Plaintiff is awarded reasonable expenses incurred in this litigation. Including reasonable attorney and expert fees, pursuant to 42 U.S.C 1988 (B) AND (C).

6. That the Plaintiff receives any other further and general relief to which it may appear they are entitled.

7. A jury for the trail of this matter.

Respectfully submitted

Mr. Johnson.

832 -427- 4004
email : mableprzetg @hotmail.com
925 E-Hwy-80 PMD 167